919 F.2d 142
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Peggy A. WEBB, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, Defendant-Appellee.
 No. 89-2409.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1990.
 
 E.D.Mich., No. 88-72875; Barbara Hachett, J.
 E.D.Mich.
 AFFIRMED.
 Before KEITH and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This pro se Michigan resident appeals the summary judgment for defendant in this employment discrimination action filed under Title VII, 42 U.S.C. Sec. 2000e. In 1977, plaintiff resigned her position with the postal service after being issued a "notice of removal" due to her conviction of fraudulently receiving welfare payments. Ten years later, plaintiff applied for a position with the postal service but was rejected under a policy which disqualifies persons who resign under a "notice of removal" from rehire. The district court concluded that plaintiff did not bear her burden of establishing that a genuine issue of material fact remained for trial and granted defendant's motion for summary judgment.
 
 
 3
 On appeal, plaintiff reiterates her claim that she was subjected to a discriminatory employment action. Defendant contends that plaintiff failed to establish a prima facie case of discrimination and moves to dismiss plaintiff's reply brief. Upon consideration, we conclude that summary judgment for defendant was proper.
 
 
 4
 Plaintiff failed to prove a prima facie case of discrimination. See Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 312-13 (6th Cir.1989). In short, plaintiff cannot show that she was qualified for a position with the postal service due to her earlier resignation under a "notice of removal." See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 n. 6 (1981) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). Nor did plaintiff make out a prima facie Title VII disparate impact claim. See Wards Cove Packing Co. v. Atonio, 109 S.Ct. 2115, 2124-26 (1989).
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. Defendant's motion to strike plaintiff's reply brief is denied.